**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Greenbaum, Rowe, Smith & Davis LLP**
PO Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
David L. Bruck, Esq.
dbruck@greenbaumlaw.com
Proposed Attorneys for the Debtors

| | |
|---|---|
| In re:<br><br>**ATLANTIC NEUROSURGICAL SPECIALISTS, P.A.,**<br><br>Debtor. | Chapter 11<br><br>**Case No. 24-15727 (VFP)** |
| In re:<br><br>**ANS NEWCO, LLC,**<br><br>Debtor. | Chapter 11<br><br>**Case No. 24-157256 (VFP)**<br><br>**Joint Administration Requested** |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (1) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

TO THE HONORABLE UNITED STATES BANKRUTPCY JUDGE:

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state the following in support of this motion (this "Motion"):[1]

### Relief Requested

1.  The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**

---

[1] A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in *the Declaration of Dr. Ron Benitez in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith. Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

(the "Order"): (a) authorizing, but not directing, the Debtors Atlantic Neurosurgical Specialists

PA and ANS Newco LLC to procedurally consolidate and jointly administrator these chapter 11

cases, and (b) granting related relief.  The Debtors request that the Court maintain one file and

one docket for the jointly administered cases under the case of Atlantic Neurosurgical

Specialists, P.A., Case No.

### Jurisdiction and Venue

2.    The United States Bankruptcy Court for the District of New Jersey (the "Court") has

jurisdiction over this matter pursuant to 28 U.S.C. § § 157 and 1334 and the *Standing Order of*

*Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

September 18, 2012 (Simandle, C.J.). The Debtors confirm their consent to the Court entering a

final order in connection with this Motion to the extent that it is later determined that the Court,

absent consent of the parties, cannot enter final orders or judgments in connection herewith

consistent with Article III of the United States Constitution.

3.    Venue is proper pursuant to 28 U.S.C. § § 1408 and 14009.

4.    The basis for the relief requested herein are sections 105(a) and 342(c)(1) of title 11 of

the United States Code (the "Bankruptcy Code") and rules 10 l 5(b) and 2002 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5.    On June 5, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief

under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and

managing their properties as debtors in possession pursuant to sections 1107 (a) and 1108 of the

Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in

these chapter 11 cases, and no official committee has been appointed or designated.

-2-

### Basis for Relief

6.   Bankruptcy Rule 1015(b) provides, in pertinent part, that "[ i]f ... two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The 2 Debtor entities that commenced these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

7.   Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. See, e.g., In re Cyxtera Technologies, Inc., Case No. 23-14853 (JKS) (Bankr. D.N.J. June 4, 2023); In re Whittaker, Clark & Daniels, Inc., Case No. 23-13575 (MBK) (Bankr. D.N.J. May 8, 2023); In re Bed Bath & Beyond, Inc., Case No. 23-13359 (VFP) (Bankr. D.N.J. Apr. 24, 2023) (directing joint administration of chapter 11 cases); In re David's Bridal, LLC, No. 23-13131 (CMG) (Bankr. D.N.J. Apr. 17, 2023) (same); In re Block Fi Inc., No. 22-19361 (MBK) (Bankr. D.N.J. Nov. 29, 2022) (same); In re Nat'l Realty Inv. Advisors, LLC, No. 22-14539 (JKS) (Bankr. D.N.J. June 9, 2022) (same); In re Alliant Tech., LL.C., No. 21-19748 (JKS) (Bankr. D.N.J. Dec. 23, 2021) (same); and/n re Christopher & Banks Corp., No. 21-10269 (ABA) (Bankr. D.N.J. Jan. 15, 2021) (same).

8.   Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect both Debtor entities. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint

-3-

9032369.1

administration will also allow the Office of the United States Trustee for the District of New Jersey (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

9.   Moreover, joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; rather, parties in interest will benefit from () the cost reductions associated with the joint administration of these chapter 11 cases and (ii) ease of reference to one main case docket of throughout these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

10. The Debtors request that all orders, pleadings, papers, and documents, except proofs of claim, lists, schedules, and statements, shall be filed and docketed in the case number assigned to (the "Lead Case"), bearing the caption as shown in  the Order attached hereto.

11. The Debtors also seek the Court's direction that a notation be entered on the docket in each of the Debtors' chapter 11 cases to reflect the joint administration of these cases.

12. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their estates and creditors and should be granted in all respects.

### Waiver of Memorandum of Law

13.   The Debtors request that the Court waive the requirement to file a separate memorandum of law pursuant to Rule 9013-1(a)(3) of the Local Rules because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

14. No prior request for the relief sought in this Motion has been made to this or any other court.

**Notice**

15. The Debtors will provide notice of this motion to the following parties and/or their respective counsel, as applicable: (a) the office of the United States Trustee for the District of New Jersey; (b) the Debtors' 20 largest unsecured creditors; (c) the United States Attorney's Office for the District of New Jersey; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need to be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as is just and proper.


Dated:  June  6, 2024

                         David L. Bruck
                         Greenbaum, Rowe, Smith & Davis LLP
                         Metro Corporate Campus One
                         P.O. Box 5600
                         Woodbridge, NJ 07095
                         Telephone: (732) 549-5600
                         Email:  dbruck@greenbaumlaw.com
                         Proposed Counsel to the Debtors

9032369.1

**<u>Exhibit A</u>**

**Proposed Order**

<table>
<tr><td>

**UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**Greenbaum, Rowe, Smith & Davis LLP**
PO Box 5600
Woodbridge, New Jersey 07095
(732) 549-5600
David L. Bruck, Esq.
dbruck@greenbaumlaw.com
*Proposed Co-Counsel to the Debtors and Debtors in Possession*

</td><td></td></tr>
</table>

| | |
|---|---|
| In re: **ATLANTIC NEUROSURGICAL SPECIALISTS, P.A.,** <br><br> Debtor. | Chapter 11 <br><br> **Case No. 24-15726 (VFP)** |
| In re: **ANS NEWCO, LLC,** <br><br> Debtor | Chapter 11 <br> **Joint Administration Requested** <br><br> **Case No. 24-15727 (VFP)** |

### ORDER (1) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered nineteen (19) through twenty-one (21), is **ORDERED**.

9032369.1

Upon the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "Motion"), [2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to direct the joint administration of the Debtors' chapter 11 cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U. S.C. §§ 1408 and 1409;; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The above-captioned cases hereby are jointly administered by this Court for procedural purposes only.

3. Nothing contained in the Motion or this Order shall be deemed or construed as directing

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

9032369.1

or otherwise effecting a substantive consolidation of these chapter 11 cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

4. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of New Jersey shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 11 cases.

5. All pleadings, papers, and documents filed in the Lead Case shall bear the caption as shown on this Order.

6. All lists, schedules, and statements shall be filed and docketed in the specific Debtor's case to which they are applicable.

7. Any party in interest may request joint hearings on matters pending in any of these chapter 11 cases.

8. If pleadings, papers, or documents have been filed in any of the above-captioned cases other than the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (i) refile the pleading, paper, or document in the Lead Case within three (3) business days of the entry of this Order, (ii) set the pleading, paper, or document for hearing before the Judge assigned to the Lead Case, and (iii) notice the hearing to all appropriate parties.

9. The Clerk shall file a copy of this order in the Lead Case and the affiliated Debtor case.

10. The Debtor shall file individual monthly operating reports for each Debtor and such reports shall be docketed in the Lead Case.

11. The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied

-9-

by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

12. Notice of Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Local Rules are satisfied by such notice.

13. Any party may move for modification of this Order in accordance with Local Rule 9013-5(e).

14. A true copy of this Order shall be served on all required parties pursuant to Local Rule 9013-5(0).

15. This Order shall be effective immediately upon entry.

16. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

9032369.1