| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY <br> **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br> **WILENTZ, GOLDMAN & SPITZER P.A.** <br> 90 Woodbridge Center Drive <br> Suite 900, Box 10 <br> Woodbridge, New Jersey 07095 <br> (732) 636-8000 <br> DAVID H. STEIN, ESQ. <br> *Attorneys for Landlord, Hanover Associates* | |
| In Re: <br><br> ATLANTIC NEUROSURGICAL SPECIALISTS, P.A., *et al.*,[1] <br><br> Debtor. | Case No.: 24-15726 (VFP) <br><br> Chapter 11 <br><br> Judge: Hon. Vincent F. Papalia |

**RESPONSE OF HANOVER ASSOCIATES TO NOTICE OF POSSIBLE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, REQUEST FOR ADEQUATE ASSURANCE INFORMATION, JOINDER AND RESERVATION OF RIGHTS**

The Response of Hanover Associates (the "Landlord") to the Debtor's Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale of Substantially All of the Assets of Hanover Hills Surgery Center LLC (the "Debtor" or "Hanover Hills"), Request for Adequate Assurance Information, Joinder and Reservation of Rights, submitted by and through its undersigned counsel, respectfully represents the following:

1.  On July 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Atlantic Neurosurgical Specialists, P.A., d/b/a Atlantic Neurosurgical Specialists and Altair Health (0733); ANS Newco, LLC, d/b/a Altair Health (7893); and Hanover Hills Surgery Center LLC, d/b/a Altair Health Surgical Center and Altair Health (8645).

#14655503.1 165912.010

2. Debtor has served a Notice of Possible Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection With Sale of Substantially All of the Debtor's Assets [Doc. 165] (the "Notice"), dated August 29, 2024.

3. The Landlord is the landlord of the Debtor under an executory unexpired lease of non-residential real property, as said term is defined in 11 U.S.C. § 365(d)(3).

4. The Landlord maintains a claim against the Debtor under an Agreement of Lease dated October 30, 2007 for the Debtor's business premises located at 83 Hanover Road, Florham Park, New Jersey (the "Demised Premises"), as amended by a First Amendment of Agreement of Lease dated as of October 1, 2008 and a Second Amendment of Agreement of Lease dated February 2, 2009 by and between Hanover Associates as Landlord and Florham Park Surgery Center, LLC as Tenant (together, the "Original Lease"), which Original Lease was accepted and assumed by Hanover Hills Surgery Center by an Assignment and Assumption of Lease executed concurrently with a Third Amendment of Agreement of Lease effective October 13, 2017, as further amended by a Fourth Amendment of Agreement of Lease effective January 10, 2019 (collectively, the "Lease"),[2] which Lease was extended by exercise of extension option dated August 11, 2023.

5. The Debtor owes the Landlord the sum of $107,021.14 (the "Landlord's Cure Amount") for rent and other charges due through July 2024, which is consistent with the cure amount reflected in the Notice. Rent for the Demised Premises continues to accrue at the rate of no less than $52,000 (approx.) per month, including base rent, CAM charges, utilities and taxes.

6. The Landlord does not object to the cure amount as set forth in the Notice, but hereby acknowledges and confirms the amount thereof.

---

[2] The Lease documents are in possession of the Debtor; they will be produced upon request and under appropriate circumstances.

2

**RESPONSE**

7. As a threshold matter, Landlord's Cure Amount and other amounts that have accrued post-petition must be paid by the Debtor to Landlord in order for the Lease to be assumed or assigned, including all other commercially reasonable expenses incurred by Landlord in enforcing Landlord's rights and remedies.

8. When the debtor assumes the lease or the contract under Section 365, it must assume both the benefits and the burdens of the contract. <u>City of Covington v. Covington Landing Limited Partnership</u>, 71 F.3d 1221, 1226 (6th Cir. 1995). The landlord is entitled, upon lease assignment and assumption, to receive it's bargained for exchange. <u>In re Joshua Slocum Ltd.</u>, 922 F.2d 1081 (3rd Cir. 1990).

9. Second, Landlord must be provided with and hereby requests adequate assurance of the future performance of any prospective assignee of the Lease under Section 365 of the Bankruptcy Code. Landlord is entitled to receive assurance that any assignee of the Lease will have at least the same ability to pay rent as the initial tenant at the commencement of the Lease. Any prospective tenant must demonstrate that it has the ability to perform under the Lease, has adequate financials consistent with servicing a commercial retail lease, has an appropriate business operation consistent with the Lease, and has the ability to maintain the subject property under a triple net lease.

10. In accordance with the Notice, such adequate assurance information should be provided to counsel for the Landlord, David H. Stein, Esq. of Wilentz, Goldman & Spitzer, P.A. at dstein@wilentz.com   The recipient of such adequate assurance will enter into a mutually acceptable confidentiality agreement.

11. Previously, on August 30, 2024, Landlord's counsel requested such adequate assurance information for any prospective tenant in connection with any assumption or assignment of the Lease.

3

## JOINDER AND RESERVATION OF RIGHTS

12. Landlord reserves the right to amend its Landlord's Cure Amount for other amounts which have not yet been billed or which have not yet become due under the terms of the Lease (the "Adjustment Amounts") and to present other objections following review of any adequate assurance information and other documentation provided by Debtor and/or any prospective assignee of the Lease. Landlord further joins in and adopts any other objection filed by any other party in these proceedings.

## CONCLUSION

For the reasons set forth hereinabove, Landlord respectfully requests that (i) in the event that the Lease is subject to assumption and assignment, Debtor shall be ordered to pay to Landlord the Landlord's Cure Amount up to the assumption date; (ii) that the Debtor-Tenant, or any assignee of the Lease, be required to pay post-petition rent and the Adjustment Amounts and to continue to comply with all terms and obligations of the Lease in the ordinary course of business; (iii) that all rights are reserved regarding any hearing to review adequate assurance of future performance; and (iv) for such other and further relief as the Court deems equitable, just and proper under the circumstances.

Dated: September 12, 2024

Respectfully submitted,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Hanover Associates*

By: */s/ David H. Stein*
    David H. Stein, Esq.

## CERTIFICATION OF SERVICE

      I hereby certify that in accordance with the Notice that the foregoing response was filed electronically with the Clerk of the Court on September 12, 2024 and simultaneously served on the following notice parties via ECF and E-mail:

Fox Rothschild LLP
49 Market Street
Morristown, NJ  07960
Attn:   Joseph J. DiPasquale, Esq.
         Michael R. Herz, Esq.
         Agostino A. Zammiello, Esq.
*Counsel to Hanover Hills*

Greenbaum, Rowe, Smith & Davis, LLP
P.O. Box 5600
Woodbridge, NJ  07095
Attn:   David L. Bruck, Esq.
*Counsel to the ANS Debtors*

Faegre, Drinker, Biddle & Reath::P
600 Campus Drive
Florham Park, NJ  07932
Attn:   Frank F. Velocci, Esq.
         Richard J. Bernard, Esq.
*Counsel to the Official Unsecured Creditors' Committee*

Office of the United States Trustee
for the District of New Jersey
One Newark Center, Suite 2100
Newark, New Jersey 07102
Attn:   Fran B. Steele, Esq.

      I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated:  September 12, 2024                      **WILENTZ, GOLDMAN & SPITZER, P.A.**
                                                   *Attorneys for Hanover Associates*

                                                     By: */s/ David H. Stein*
                                                         David H. Stein, Esq.

#14655503.1 165912.010