**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ  07962-1997
(973) 538-4006
Rachel A. Parisi, Esq.
raparisi@pnlaw.com
*Attorneys for Sabrina Kurani, Executrix of the*
*Estate of Harish Kurani, and Sabrina Kurani,*
*individually*

In re:

**ATLANTIC NEUROSURGICAL**
**SPECIALISTS, *et al*.**

                    Debtors.[1]

Chapter 11

Case No. 24-15726 (VFP)

Jointly Administered

## NOTICE OF MOTION OF SABRINA KURANI, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF HARISH KURANI, FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

**PLEASE TAKE NOTICE** that on November 27, 2024, Sabrina Kurani, Individually and as

Executrix of the Estate of Harish Kurani (the "Movant"), filed her *Motion for Relief from Automatic*

*Stay Pursuant to 11 U.S.C. § 362(d)* ("Motion") with the United States Bankruptcy Court for the

District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion will be held on

December 17, 2024, at 10:00 a.m. (EST) before The Honorable Vincent F. Papalia, United States

Bankruptcy Judge for the District of New Jersey, in the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Atlantic Neurosurgical Specialists, P.A., d/b/a Atlantic Neurosurgical and Altair Health (0733); ANS Newco, LLC, d/b/a Altair Health (7893); and Hanover Hills Surgery Center LLC, d/b/a Altair Health Surgical Center and Altair Health (8645).

7913968

District of New Jersey, Martin Luther King Jr Bldg. & Court House, 50 Walnut Street, Newark, New

Jersey 07102, Courtroom No. 3B.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Motion must be filed on or

before December 10, 2024 ("Objection Deadline") with the United States Bankruptcy Court for the

District of New Jersey, Martin Luther King Jr Bldg. & Court House, 50 Walnut Street, Newark, New

Jersey 07102.  At the same time, you must serve a copy of the objection upon the undersigned counsel

for the Movant so as to be received on or before the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that the Movant shall rely upon the accompanying

Motion and Certification submitted in support hereof. No memorandum is necessary as no novel

issues of fact or law are presented by the Motion.

**PLEASE TAKE FURTHER NOTICE** that unless an objection is timely filed and served,

the Motion shall be deemed uncontested in accordance with D.N.J. LBR 9013-3, and the relief sought

herein may be granted without a hearing.

Dated: November 27, 2024

Respectfully submitted,

By:   /s/*Rachel A. Parisi*
Rachel A. Parisi
PORZIO BROMBERG & NEWMAN, P.C.
100 Southgate Parkway
Morristown, NJ 07962
Telephone: 973-538-4006
Facsimile: 973-538-5146
E-mail: raparisi@pbnlaw.com
*Counsel for Movant, Sabrina Kurani, Individually and
as Executrix of the Estate of Harish Kurani*

7913968

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ  07962-1997
(973) 538-4006
Rachel A. Parisi, Esq.
raparisi@pbnlaw.com
*Attorneys for Sabrina Kurani, Executrix of the*
*Estate of Harish Kurani, and Sabrina Kurani,*
*individually*

| | |
|---|---|
| In re: | Chapter 11 |
| **ATLANTIC NEUROSURGICAL SPECIALISTS,** *et al.* | Case No. 24-15726 (VFP) |
| | Jointly Administered |
| Debtors.[1] | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)

Sabrina Kurani, Individually and as Executrix of the Estate of Harish Kurani ("Movant"),

by and through her undersigned counsel, respectfully submits this Motion for Relief from the

Automatic Stay (the "Motion") as to Debtor Atlantic Neurosurgical Specialists ("Debtor" or

"ANS"), pursuant to 11 U.S.C. § 362(d), and in support thereof, respectfully states as follows:

### BACKGROUND

1.      Debtor is a corporation organized under the laws of the State of New Jersey as a

medical practice in the field of neurosurgery, doing business in the town of Morristown, County

of Morris, State of New Jersey.

2.      On or about February 12, 2022, Movant's decedent, Harish Kurani, was admitted

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Atlantic Neurosurgical Specialists, P.A., d/b/a Atlantic Neurosurgical and Altair Health (0733); ANS Newco, LLC, d/b/a Altair Health (7893); and Hanover Hills Surgery Center LLC, d/b/a Altair Health Surgical Center and Altair Health (8645).

7913968

to Morristown Medical Center for treatment of stroke symptoms. *See* Certification of William A.

Krais in Support of Motion of Sabrina Kurani, Individually and as Executrix of the Estate of Harish

Kurani, For Relief From Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the "Krais

Certification"), at ¶ 1.

3.      On or about February 12, 2022, while admitted at Morristown Medical Center,

Harish Kurani came under the care of Dr. Kyle Chapple. *Id*., at ¶ 1.

4.      At all times relevant herein, Dr. Kyle Chapple was an employee, agent, or servant

of Debtor. *Id*., at ¶ 1.

5.      On or about February 13, 2022, Dr. Kyle Chapple performed surgery on Harish

Kurani.  Following this surgery, Mr. Kurani's condition declined, and as a result of the injuries

sustained during the surgical procedure of February 13, 2022, he died on February 22, 2022. *Id*.,

at ¶ 2.

6.      At the time of his death, Harish Kurani was married to Sabrina Kurani, who is the

Executrix of his Estate. *Id*., at ¶ 3.

7.      On May 3, 2023, Movant filed a Complaint naming ANS, improperly plead as

Altair Health, as a defendant in a medical malpractice/wrongful death action in the Superior Court

of New Jersey, Morris County, Docket Number MRS-L-793-23 (the "State Court Action").  *Id*.,

at ¶ 4, and Exhibit A attached to the Krais Certification.

8.      On May 16, 2023, ANS, improperly plead as Altair Health, was served with a

Summons and Complaint. *Id*., at ¶ 5, and Exhibit B to the Krais Certification.

9.      On June 6, 2023, ANS and Dr. Kyle Chapple filed an Answer to the Complaint,

Separate Defenses, Demand for Statement of Damage, Demand for Affidavit of Merit, Jury

Demand and Crossclaims. *Id*., at ¶ 6, and Exhibit C to the Krais Certification.  Dr. Chapple and

7913968

ANS have been represented by the same counsel throughout the State Court Action, who was assigned by debtors' professional liability insurance company.

10.     Thereafter, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby subjecting Movant's civil action to the automatic stay imposed by 11 U.S.C. § 362.

11.     It is Movant's understanding that Debtor has primary professional liability coverage applicable to the care and treatment rendered to Harish Kurani.

12.     Movant agrees to limit her claim for damages against Debtor to an amount not exceeding the applicable primary professional liability coverage provided.

## REQUESTED RELIEF

13.     Movant seeks entry of an order pursuant to 11 U.S.C. § 362(d), Bankruptcy Rule 4001, and Local Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey, granting relief from the automatic stay so that she may prosecute and liquidate her claims in the State Court Action against Debtor and any other responsible individual or entity and to collect against any applicable insurance policies.

## LEGAL STANDARD

14.     Section 362(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause . . . .

15.     Pursuant to 11 U.S.C. § 362(d)(1), this Court may grant relief from the automatic stay upon finding "cause" to do so. "Cause" is not defined by the Bankruptcy Code. Consequently, a bankruptcy court must decide what constitutes "cause" to lift the stay on a case-by-case basis. *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992).

7913968

16.     "The legislative history indicates that the cause may be established by a single factor such as a desire to permit an action to proceed . . . in another tribunal, or lack of any connection with or interference with the pending bankruptcy case." *Id.* (citing H.R. Rep. No. 95-595, 95th Cong. 1st Sess., 343-44 (1977)) (internal quotations omitted).

17.     Most courts employ an equitable balancing test to determine "cause." *Id.,* at 576. This balancing test requires the Court to determine whether:

   a.  Any great prejudice to either the bankruptcy estate or the debtor will result;

   b.  The hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor; and

   c.  The movant has a probability of prevailing on the merits.

*Id*. at 576.

## **ARGUMENT**

### A.     **The Bankruptcy Court is without Authority to Adjudicate Movant's Personal Injury/Wrongful Death Claims**

18.     A bankruptcy court is a court of limited authority that may adjudicate "all cases arising under title 11 or arising in or related to a case under title 11." *See* 28 U.S.C. § 157(b)(1).

19.     A bankruptcy court cannot adjudicate personal injury tort and wrongful death claims without the consent of the parties. As 28 U.S.C. § 157(b)(5) clearly provides, these types of claims shall be heard in other courts.

20.     In the State Court Action, Movant has brought medical malpractice claims for personal injury and wrongful death damages arising from the care and treatment rendered to Harish Kurani at Morristown Medical Center against Debtor and others. In the course of that treatment, Harish Kurani sustained pain, suffering, and, ultimately, death.

21.     Therefore, Movant's claims and her litigation are properly heard in a court other

than the Bankruptcy Court. Since the civil litigation is already pending in the Superior Court of New Jersey, it is appropriate that relief from the automatic stay be granted to allow the civil litigation to proceed there.

### B.      Cause Exists to Grant Relief from the Automatic Stay to Movant

22.      Under the factors outlined in *Rexene*, cause exists in this case to grant Movant relief from the automatic stay to pursue Movant's claims in the State Court Action and to recover from applicable insurance proceeds and other non-debtor parties.

23.      First, there will be no prejudice to the Debtor or its bankruptcy estate. To the extent that Movant is seeking a recovery from third parties only, such as applicable insurance, and is not attempting to execute directly on assets of the Debtor's estate, the Debtor's assets will remain available for whatever disposition may ultimately be sought by the Debtor and/or ordered by the Court.

24.      With respect to the second factor, the maintenance of the automatic stay causes significant and ongoing hardship to the Movant, Sabrina Kurani (and the couple's minor children), who is unable to seek redress for the injuries to herself and the Estate of Harish Kurani, or move her claim through to adjudication. Though some Debtor personnel may have to participate as witnesses, there is little impact on the administration of the Debtor's estate. Furthermore, the debtors' professional liability insurance carrier has defended and, according to answers to interrogatories, will, in the case of a settlement or judgment, indemnify the debtors pursuant to their policy of insurance.  Clearly, the prejudice to the Movant outweighs any alleged or potential hardship to the Debtor. Harish Kurani passed away due to the malpractice of the Debtor's agent, servant, or employee, Dr. Chapple, during his hospitalization at Morristown Medical Center. Preventing Movant from seeking recompense is a great hardship to her, and one that only

7913968

compounds the alleged harm inflicted by the Debtor and its employees in the first instance. On the other hand, granting relief from the automatic stay would cause no appreciable hardship to the Debtor as it cannot adjudicate, determine, estimate, or liquidate Movant's claims in Bankruptcy Court without their consent pursuant to 28 U.S.C. § 157(b)(5) in any event,[2] and the Movant has agreed to pursue only insurance proceeds in which the Debtor has only a nominal interest. Therefore, the ongoing hardship to the Movant outweighs the potential hardship to the Debtor.

25.    Finally, the third factor, too, weighs in favor of granting relief from the automatic stay (and notably, Movant need only prove this prong with a showing that is "very slight", *see Rexene Prods.*, 141 B.R. at 578).  Movant claims that she has a significant chance of prevailing on the merits of her claims. The alleged conduct of the Debtor's employee, agent, or servant caused Harish Kurani substantial harm, for which Sabrina Kurani, Individually and as Executrix of the Estate of Harish Kurani, is entitled to recompense under New Jersey law.  Additionally, Movant has filed with her State Court complaint an Affidavit of Merit of a board certified neurosurgeon substantiating the merit of Movant's claims.

26.    Therefore, where all three factors weigh in favor of granting the relief sought by Movant, relief from the stay should be granted where doing so will not prejudice Debtor or its bankruptcy estate in any meaningful way.

27.    The continuation of the State Court claims in the Superior Court of New Jersey under the circumstances would not interfere with the Debtors' jointly administered bankruptcy proceedings. Accordingly, the Movant has demonstrated cause for relief from the automatic stay and should be permitted to proceed with the State Court Action without the automatic stay

---

[2] Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.)*, 589 F.3d 605, 622 (3d Cir. 2009), does not apply to Movant's claims.

7913968

preventing the adjudication of her claims.

**WHEREFORE**, Movant respectfully request that this Court (a) Grant her Motion for

Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d) and permit her to continue the State

Court Action; and (b) provide such other and further relief that the court deems just and equitable.

November 27, 2024                              Respectfully submitted,

                                    By:    /s/*Rachel A. Parisi*
                                           Rachel A. Parisi, Esq.
                                           PORZIO BROMBERG & NEWMAN, P.C.
                                           100 Southgate Parkway
                                           Morristown, NJ 07962
                                           Telephone: 973-538-4006
                                           Facsimile: 973-538-546
                                           E-mail: raparisi@pbnlaw.com
                                           *Counsel for Movant, Sabrina Kurani, Individually and*
                                           *as Executrix of the Estate of Harish Kurani*

7913968